## WILLEY v. CARTER.

An act of sale of real estate acquired by a partnership, must be executed by all of the partners.   If signed by two only, it will convey only their interest.

A partition cannot be decreed where one of the co-proprietors has not been represented in the action.

APPEAL from the District Court of Jefferson, *Clarke*, J.   " The title of the plaintiffs", says the judge *a quo*, in assigning the reasons for his judgment, " is derived from a sale of *Joseph Cockayne* and *L. G. Robbins* to *Newton Willey*, of one undivided half of three lots.   The moiety thus sold belonged to the commercial firm of *Cockayne, Watts & Co.*, which was composed of three persons, *Cockayne, Watts* and *Robbins*; the deed of sale was signed by two of the partners only.   The sale conveys the interest of *Cockayne* and *Robbins* only, the Supreme Court having decided that real estate acquired by a partnership is not partnership property."

*Stockton* and *Steele*, for the appellant.   *Nickerson*, for defendant.   The judgment of the court was pronounced by

SLIDELL, J.   Under the authority of several decisions cited by the district judge, he properly decreed the ownership of two-sixths of the land to be in the plaintiffs.

The court below properly refused to decree a partition, because all the proprietors were not represented in the cause. If the share of *Watts* has been divested and has passed to the plaintiff, the fact should have been shown. The testimony is loose and unsatisfactory on the subject of rent. That matter will be open to examination when the parties come to a partition.

*Judgment affirmed.*