Judge Crenshaw
delivered the opinion of the Court.
It appears that F. G. Gedge, J. C. Gedge, C. H. Gedge, and W. H. Gedge were partners, dealing in tobacco and real estate, under the name and style of Gedge & Brothers. F. G. Gedge departed this life on the — day of-, and, at the time of his death, the firm were the owners of the parcel of land in controversy, which was subsequently sold by the survivors to the plaintiff, Galbraith, and bond was executed by them to convey with general warranty. This suit is brought by Galbraith against the surviving partners, and against the widow, children, and heirs at law of the deceased partner, for a specific execution of the contract.
The surviving partners, and the adult heirs and their husbands, answer, admitting the allegations of the petition, and expressing the wish that the plaintiff shall have a conveyance of the land in accordance with the stipulations of the title bond; and the infant heirs answer by guardian ad litem. The widow did not answer, or make her appearance.
It was proved that the debts of the firm of Gedge & Brothers were large ; that the land in controversy was purchased with the money of the firm, and belonged to the firm; that the firm had but little personal estate, and that it was necessary that the land should be sold for the payment of debts.
Under this state of case, the chancellor decreed a conveyance to be made to the plaintiff by the surviving partners only, expressing the opinion that, as the real property of the partners was necessary for the payment of debts, the survivors had a right to sell and convey. The plaintiff being in doubt whether his title under this decree will be entirely safe and secure, has appealed to this court.
Whether real property, held by partners as partnership stock, is to be regarded as converted into personalty, is a question about which there has been a diversity of opinion. It would be unprofitable, and a waste of time, to attempt to collate and ana' *634 lyze all the conflicting authorities upon this subject. We are inclined to think, that real property held in the joint names of the firm as partnership stock, should be regarded, at law, in the absence of any agreement or understanding to the contrary, as held and owned by them as tenants in common, subject to the ordinary incidents of tenancies in common. But that, in equity, it should be considered as held by them in trust as partnership property, subject to the ordinary rules applicable to partnership personal property — as liable to the satisfaction of the claim of each partner upon the others, and as liable to the satisfaction of the debts of the pai’tnership. After the satisfaction of the claims of the several partners, and of the debts of the concern, the residue of the real estate will be considered, where the partners have not impressed upon it the character of personalty; as belonging to the partners, both in equity and at law, as tenants in common ; and it will be subject to division and several appropriation among them.
2. Where part ners hold real property as part nership stock, & it is liable in equity to the pay ment of the debts of the firm,the widows are not entitled to dower until the partnership debts are paid.
The land in contest, according to the proof, was held “as belonging to the firm, being purchased by the money of the firm,” but, had not been impressed by them with the character of personalty, so far as the record shows. It was held, therefore, as partnership stock, subject, in equity, to the incidents which have been mentioned; but, at law, subject to the rules applicable to a tenancy in common.
If these views be correct, and we think they are, in accordance with the tenor of the authorities, it follows that, upon the death of F. G. Gedge, his interest in the land descended to his heirs at law, who became tenants in common with the surviving partners, and a right of dower, therein, of the widow, attached to this interest; but, the rights of the widow and heirs were subject, in equity, to be entirely defeated by the necessity of appropriating the land to the payment of debts. This necessity existed in this case, and the widow and heirs must surrender all claim to the land.
3. The surviving partner of a firm cannot convey real estate of the firm; the title descends to the heirs of the deceased partners, and they are necessary parties to any suit to pass the title. (Story on Part, sec. 94, p. 141; Am. Leading Cases, 492.)
4. The living wife of a surviv ing partner has no vested interest in real estate held as partnership stock.
5. It is not every purchase of real estate made I by partners with the means of the firm that gives the estate the character of per eonalty, but only when it is bought for the purposes of the •partnership business.
*635 But, notwithstanding the necessity for the sale of the land to pay the debts of the concern, the surviving partners could not sell the land, and convejr a complete legal title without the union of the heirs of F. G. Gedge, in whom the title of his share had vested by descent. It is laid down in Story on Partnership, page 141, section 94, that “each partner is required, both at law and in equity, to join in every conveyance of real estate, in order to pass the entirety thereof to the grantee; and if one partner only execute it, whether it be in his own name or that of the firm, the deed will not ordinarily convey any more than his own share or interest therein.” And the same doctrine is stated in a note in American Leading Cases, page 492. In this case the interest of one of the partners having been vested, by his death, in his heirs, there is the same necessity and propriety for the heirs to unite in a conveyance with the surviving partners, as there would be for their ancestors’ doing so, were he alive.
It results that the court erred in directing the surviving partners only, to convey to the plaintiff; and upon a return of the cause, the chancellor will make such orders as will secure to the plaintiff a conveyance to him of the title of the heirs. The interest of the widow, also, should be secured to the plaintiff by appropriate conveyance.
We concur with the chancellor in the opinion that the wives of the surviving partners have no interest in the land, and were not necessary parties, although they united with their husbands in a bond for a conveyance — no interest in them was attached to the land, as it did do in the widow — they have no present interest, and, as the land will be necessarily taken for the payment of the debts of the partnership, they can have none in future.
The views expressed in the foregoing opinion are to be confined, of course, to the facts as they appear in the record. In regard to the character in which the land is held, it only appears that the partners are *636 “tobacconist merchants, and trading and dealing in real estate,” and that the land was purchased with the money of the firm. These facts alone do not, in our opinion, authorize the conclusion that the partners had impressed upon the land the character of personal estate, and that they intended it to be used and disposed of as such. It does not appear that it was purchased to be used for partnership purposes, and to be employed and disposed of as personal property. If real estate be purchased by partners with partnership means, for partnership purposes— that is, be so purchased to be used, dealt with, and disposed of, as personal tjq it should, for commercial convenience, partake of the character which the partners have thus impressed upon it, and, upon the dissolution of the partnership by the death of one of the partners, the interest of the deceased partner ought to belong, as personalty, to the executor or administrator, and not descend to the heir, and should be treated in all respects as personal estate. But, as already said, we do not think that the facts in this record are sufficient to authorize the conclusion, that the partners had impressed upon the land in contest the character of personalty. That they were dealers in real estate, conveys the idea that they may •have been engaged in speculating in land, and in buying and selling again for profit, but to what extent they had so dealt, or how, or for what purpose the land had been used, the testimony does not disclose. They may have dealt in and purchased lands, not to be employed and used for partnership purposes as personal estate, but to be held and kept, for other and different purposes altogether. It is not unfrequently the case, especially of late, in the west, that persons unite their capital in buying and selling real estate, jointly, not for any partnership purpose, though they may be partners in business, and may use their partnership means in their purchases, and have no intention whatever to use the lands or their proceeds for partnership purposes, or to impress them *637 with the character of personal property. In snch cases, although the land's may constitute partnership stock, they should not be regarded as converted into personalty, and the interest of a deceased partner as going to his executor or administrator, but as descending to his heirs, subject in equity, together with the interests of the survivors to the payment of debts, and of the claims of the partners upon one another.
Wherefore, the judgment is reversed, and the cause remanded, for a decree in conformity to the principles of this opinion. But, as none of the defendants resisted an appropriate decree in the court below, and are desirous of securing to the plaintiff a good title, appellant is not entitled to costs in this court.