Cl-IIEE JUSTICE WILLIAMS
delivered the orikion oe the court.
Bryant and Turpin, partners in a grocery business at Columbia, purchased of "Walker, at three hundred and nine dollars, a bouse; paid one hundred and nine dollars at the time, and executed their two notes, for one hundred dollars each, at one and two’ years; also purchased of Caldwell another house.for two hundred dollars, paid one hundred dollars, and executed..their note at one year for *76 the remainder. Bryant paid these notes out of his individual means.
Hunter having an execution against Turpin individually, had it levied on his undivided interest in said houses; whereupon Bryant filed this petition in equity, asserting a lien not only for the amount of the notes so paid by him, but averring that he had advanced the purchase-money paid when the property was bought, and that the firm had been dissolved and settled save as to this property, upon which he was to hold a lien for the advances made on its account.
Turpin’s deposition was taken, establishing all these facts; but on exception for incompetency the court rejected it, and decreed in favor of Bryant the amount of the notes executed to the several vendors, but rejected his claim as to the money paid at the time of the purchase, and he seeks a correction of this alleged error.
The main question is as to Turpin’s competency to testify at Bryant’s instance. Turpin had made no defense either to Bryant’s original or Hunter’s cross-petition. It was his legal interest to uphold the presumptions of law and those arising from the recitals of the deeds that the money was paid by the grantees equally, or, in other words, out of the assets of the firm, and to that extent at least secure himself an interest in the property, which might go to pay his individual indebtedness; therefore he was called to testify against his legal interest, hence competent. His being a party to the suit and not to the issue does not render him incompetent. The recitals of the deeds that given amounts were paid are not conclusive evidence as to who paid them, but only prima facie, and therefore susceptible of demonstration by other evidence.
As this property was purchased by the firm on firm account, for all the purposes of the firm in paying off *77 firm liabilities, and then reimbursing the individual partners for advances, it must be held as firm assets, and each partner, even as to realty so purchased, must be held as a trustee, holding his interest in such property in trust for these purposes; all of which must be discharged before the individual creditors of any partner will be let in on it. (Galbraith v. Gedge, 16 B. Mon. 631.)
As there was no attempt to impeach Turpin’s credibility, his deposition should be both, read and accredited, and Bryant allowed to assert Ms prior lien for both the amounts paid at .the time of purchases and for the deferred payments.
Wherefore the judgment is reversed, and the cause remanded for further proceedings consistent herewith.