CHIEF JUSTICE WILLIAMS
delivered the opinion oe the court.
This case- presents the vexations question of liow far and when real estate belonging to co-partners, purchased with their joint funds, and used for partnership purposes, is to be deemed personal estate as between the administrator, distributees, and heirs of a deceased partner; also *371 the question whether these proceedings were regular by which the real estate was sold, or were they so defective that the purchaser (appellant) should not be compelled to accept the conveyance and pay the purchase price ?
The deed by which the property was held is not in the record, as it should have been; still it is established that the lot and house were purchased with the partnership funds and for the partnership purposes,, to be used as a factory in making candles and soap — one of the main businesses of the partnership.
It is not, however, necessary to sell it to pay either the debts of the firm or the advances by any partner, for these all seem to have been adjusted without a resort to this valuable real estate in the city of Louisville.
There have been many conflicting opinions, both in England and the American states, on this question; and well might Judge Story conclude the 98d section of his work on partnerships by saying the doctrine under these circumstances must be considered as open to many distressing doubts.
In England it was held that the purchase and conveyance to co-partners of real estate with the funds of the partnership did not impress the property with the quality of personalty as between the distributees and heirs of the deceased partner, in the following cases: Thornton v. Dixon, 3 Bro. Ch. 199; Bell v. Phyn, 7 Ves. 453; Randall v. Randall, 7 Sim. 271; Croxton v. Croxton, 8 Sim. 529. But in the following cases it was there held that such real estate was to be regarded as personalty even as between the executor and heir at law, and to be distributed as personalty: Ripley v. Waterworth, 7 Ves. 425; Townshend v. Devaynes (1 Mont. on Part., note 2a, app. 97), 11 Sim. 498; Phillips v. Phillips, 3 Myl. & K. 649; Broom v. Broom, 3 Myl. & K. 443; Morris v. Kearsley, 3 You. & C. Ex. 139; *372 Houghton v. Houghton, 11 Sim. 491; Darley v. Darley, 3 Brew, 495; Essex v. Essex, 20 Beav. 442.
Mr. Bindley, in his work on partnership, sums up the English doctrine thus: “ If a share of a partner is nothing more than his proportion of the partnership assets after they have been turned into money and applied in liquidation of the partnership debts, it necessarily follows that in equity a share in a partnership, whether its property consists of land or not, must, as between the real and personal representatives of a deceased partner, be deemed to be personal and not real estate. And although the decisions upon this point are conflicting, the authorities which are in favor of the above conclusion certainly preponderate over the others.”
There is much conflicting dictum and some contrariety of judicial determination among the American courts, and it may still be said, as in a note to section 94, page 164 of the 6th edition of Story on Partnership, by Gray, issued in 1868, that on the whole the law does not seem to have advanced much beyond its condition when the author declared it open to many distressing doubts. But upon a review of the authorities, the analogies, and reasons of the law, we conclude that a safe and reliable rule may be deduced as to that class of property to which this evidently belongs; that is, when property is bought with the partnership funds, to be used in- carrying on and facilitating the partnership business and purposes, and is used as a means of continuing and enlarging the partnership business and operations and profits, it then is partnership ‘property, impressed with the characteristic of personalty for any and all purposes, not only' as between the partners inter se and the firm and its creditors, but also as to distribution between the administrator, distributees, and heirs; and being so, the widow in this case is entitled to *373 one third of the net proceeds absolutely as a distributee, after the necessary expenses are deducted. In 1 Story’s Equity Jurisprudence, section 674, p. 638, it is said: “So that real estate held in freehold fee or for the partnership, and as part of the funds, will upon the death of one partner belong in equity not to the heir at law, but to the personal representatives and distributees of the deceased, unless perhaps there be a clear and determinate expression of the deceased party that it shall go to the heir at -law beneficially.” Kent says: “If partnership capital be invested in land for the benefit of the company, though it may be a joint-tenancy at law, yet equity will hold it to be a tenancy in common, and as forming part of the partnership fund; and the better opinion would seem to be that equity will consider the person in whom the estate is vested as trustee for the whole concern, and the property will be entitled to be distributed as personal-estate. (3 Commentaries, Comstock’s edition, p. 37.)
There is nothing in Galbraith v. Gedge, 16 B. Mon. 631, conflicting with the views expressed herein, but rather corroborative. This court in that case was cautious not to express the rule only as applicable to its own peculiar facts, and the principle applicable in this case was not involved in that one.
But whatever may be the equitable rights of the interested parties as to the proceeds, the conveyance must be according to our statutes regulating the sale and conveyance of real estate, for the legal title must pass by virtue of their provisions. "When the realty shall be sold it will then be disrobed of any impress of personalty, unless it shall again be bought by a firm, with its funds and for its purposes, when the personal impress will attach because thereof, and not because it had before belonged to a partnership for such purposes.
*374 In section 94, Story on Partnership, it is said: “Each partner is required, both at law and in equity, to join in every conveyance of real estate, in order to pass the entirety thereof to the grantee; and if one partner only executes it, whether it be in his own name or in that of the firm, the deed will not ordinarily convey any more than his own share or interest therein.”
The proceedings in this case seemed to be framed under section 543, Civil Code; but, if so, its provisions have not been complied with, for no one was appointed to take care of the infant’s interest. A guardian acl litem to defend the suit was appointed, but his duties are not identical with the one to be appointed under said section; besides, the interest of the minor defendant should remain a charge upon the property until statutory guardian shall appear and claim its collection, or the minor arrive at full age.
The deed by which this property Avas held is also an essential exhibit or evidence in the case. Nor do these proceedings conform to chapter 86, Revised Statutes, or any other statute known to us. Before the purchaser should be compelled to pay the purchase price, the proceedings should be so far perfected as to assure him a good legal title; but these errors do not authorize the court to set aside the sale at his instance, but if the sale is beneficial to the distributees, supplementary proceedings should be allowed to perfect the title, and when so completed he should be compelled to pay the purchase price with interest thereon, unless he should, in the mean time bring the money into court.
"Wherefore the judgment compelling the purchaser to accept the title and pay the purchase price is reversed, -with directions for further proceedings consistent herewith.