HAMILTON BUSBY ET AL. *v.* W. S. DOWNEY'S ADM'R ET AL.

**Partnership—Personal Property.**

> Where a temporary partnership was formed for the purpose of speculating in a hotel property by purchasing and reselling it, the chancellor properly refused to treat the property as personalty.

APPEAL FROM FAYETTE CIRCUIT COURT.

March 27, 1874.

OPINION BY JUDGE LINDSAY:

The rule by which to determine whether real estate held by partners is to be treated as personalty, is stated by this court, in the case of Cornwall v. Cornwall, 6 Bush 369, as follows:

"When the property is bought with partnership funds, to be used in carrying on and facilitating the partnership business and purposes, and is used as a means of continuing and enlarging the partnership business and operations and profits, it is then partnership property, impressed with the characteristics of personalty for any and all purposes, not only between the partners inter se, and the firm and its creditors, but also as to distribution between the administrator, distributees and heirs." We are not aware that the English rule has been more closely approximated by any American court, and the doctrine is certainly carried as far as any American authority will demand.

The facts of this case do not bring the property in contest within this rule. The hotel property was not purchased with partnership funds, nor for the purpose of carrying on partnership business. The controlling motive animating the purchases was the expectation of a resale of the property at an advanced price. The partnership in the hotel business was a mere incident to the contemplated speculation. It is evident that the purchasers did nor expect to engage for any considerable time in carrying on the business of hotel-keeping, and that was the only business in which they were ever engaged as partners, at all. The property was not purchased to be used as a means of continuing or enlarging partnership business that was intended to be but temporary in its character. Upon

the contrary, this temporary partnership was formed to advance the object of the purchase, a resale of the property for a profit.

The chancellor, therefore, properly refused to treat it as personalty. We can not say that Mrs. Busby is prejudiced by the failure of the chancellor to cause to be distributed to her one-third of the value of the hotel furniture. The record shows that her deceased husband's estate is still indebted on the purchase price of the hotel, and it does not show that after the payment of this indebtedness, there will be any personal estate left to be distributed.

Judgment affirmed.

*Buckner, Breckenridge & Buckner, for appellants.*

*Darnell, for appellees.*