CASE 62—EQUITY—MARCH 5, 1881.

## Holmes v. Self, &c.

APPEAL FROM CALDWELL CIRCUIT COURT.

1. In a contest between heirs, the use to which land bought by a partnership is applied does not necessarily determine the question as to whether it is to be treated as real or personal estate.
2. The test is the intention with which the purchase is made.

F. W. DARBY FOR APPELLANT.

1. When the partner died, the partnership was dissolved, and the title was vested in his heir.

2. In order that realty shall be regarded as partnership property for purposes of the partnership, it must be purchased with money of the partners; it must be purchased for partnership purposes, and it must be appropriated and used in the partnership business.. (Bank of L. v. Hall & Long, 8 Bush, 876; Parsons on Part., 363; Cornwall v. Cornwall, 372; Lowe v. Lowe, 13 Bush, 634; Galbraith. v. Gedge, 16 B. Mon., 633.)

WM. DARBY AND A. J. JAMES FOR APPELLEE.

A firm, as such, cannot own realty. The legal title is held by the members of the firm, and a trust results to the firm for all partnership purposes. This character of trust is only held to exist for some lawful purpose, and when the purpose is accomplished there is no power to carry it further. (Parsons on Part., 372; Gen. Stat., chap. 37, sec. 25; 7 Serg. & Rawle, 438; 23 Ala., 837; 11 Barb., 75; 74; Penn. Stat., 391; 15 Am. Rep., 553; Story on Part., note to sec. 93; 69 Penn., 122; 8 Am. Rep., 229; 10 Leigh, 406; 15 Gratt., 11; 7 Conn., 11; 1 Ohio, 535; 1 Ib., 535; Galbreath v. Gedge, 16 B. Mon.,. 631; 5 Met., 577; Ib., 582; Ib., 537; 5 Ind., 403; 29 Mo., 236; 15; Georgia, 445; 2 Barb. Ch., 198; 9 Cal., 616; 15 Penn., 234; 98 Mass., 107; 20 Ohio, 448; 63 Ill., 540; 14 Florida, 565; 3 McLean, 27; 7 Vesey, 453; Ib., 425; 1 Mylne & Keene, 649; 3 Ib., 443; 7 Simmons, 271; 8 Ib., 529; 8 Jurist, 994.)

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

Mayes & Hunter, partners in merchandising, purchased with partnership funds a lot in the town of Princeton for the purpose of erecting thereon a business house, and to sell the remainder, or to build houses on it for rent. The firm erected a business house on a portion of the lot, a mill on another portion, and having sold a part, there remained a small lot unimproved. Subsequently they sold and conveyed to Holmes an undivided third interest in the whole property, after which the business of merchandising and milling was conducted by the new firm, Holmes being a full partner. The unimproved lot was not used by the firm for partnership purposes. After the dissolution of the firm by

the death of Holmes, this action was brought by appellant,. as heir of Holmes, to recover an undivided one third of the lot which was unimproved at the time of the dissolution of the firm. There are no debts of the partnership, and the only question presented by this appeal is as to whether, as. between heirs, the lot is to be treated as realty or as personal. estate.

In another action between the same parties in regard to the portion of the lot on which the business house was. erected, this court held that it should be treated as personalty. The question raised here grows out of the fact that the lot in controversy *was not used for partnership purposes*. We are of the opinion that the *use* to which the property is. applied does not necessarily determine the question as to whether it is to be treated as personal or real estate, but that it is the intention with which the purchase is made that is the controlling element. If it were otherwise, real estate purchased with partnership funds and for partnership purposes, would at one instant be personalty, and at another realty, depending upon the facility with which the use was executed. So it appears to us that the use to which the property is applied is only an evidence of the intention of the partners to make it personalty or realty, and if the intention to make it personalty is clearly manifested by the partners in the purchase, the fact that there is a non-user for partnership purposes will not recommit it into real estate., In this instance the whole of the property was purchased for partnership purposes, the primary object being to secure a lot for the erection of a store-house, and secondarily, to sell or improve and rent the remainder, as might be best for the interest of the partnership. Prior to this purchase Mayes & Hunter were partners in merchandising. By the

purchase they became partners in the whole of the realty, just as they would have done if there had been no partnership in merchandising, and the property had been bought with partnership funds for the purpose of division and resale on joint account. Such a joint venture in real estate may constitute a partnership as well as a dealing in anything else, and such a venture converts the realty into personalty. (Darby v. Darby, 3 Drewery (English Chancery), 495; Lindley on Partnership, vol. 1, p. 670; Lowe v. Lowe, 13 Bush.)

Judgment affirmed.