## In re CODDING & RUSSELL, Bankrupts.

*(District Court, W. D. Pennsylvania. December 21, 1881.)*

1. PARTNERSHIP—REAL ESTATE.

Real estate owned and held by copartners as partnership property, and brought into the firm stock, is not converted absolutely and for all purposes. It is to be treated as personalty, in so far as may be necessary to secure the payment of the firm debts and advances made by the partners respectively, but for every other purpose it remains real estate.

2. SAME—JUDGMENT—LIENS.

A judgment against a partnership for a partnership debt, entered by confession of all the partners, is a lien upon the partnership real estate.

In Bankruptcy. *Sur* exceptions to register's report, distributing fund from sale of real estate.

*Wm. A. Stone,* for report.

*John W. Mix* and *Williams & Angle,* for exceptants.

ACHESON, D. J. This contest is over a fund realized from the real estate of the bankrupts, sold by the assignee divested of liens. The claimants are Lawrence Butler and Matthew Jackson, two judgment creditors of the bankrupt firm on the one hand, and, on the other, the assignee in bankruptcy. The judgments are not assailed as unlawful preferences, but it is denied that they were liens against the real estate; and therefore the assignee claims the fund for the benefit of the general creditors of the firm.

No exceptions having been filed to the register's findings of fact, their correctness will be assumed. These findings are substantially as follows

John A. Codding and Chauncey S. Russell, the bankrupts, composed the firm of Codding & Russell. The said real estate was owned and held by the bankrupts, as copartners, for partnership purposes and as partnership property. The judgment of Lawrence Butler was entered against "Codding, Russell & Co.," (a name by which the firm was formerly designated,) upon a judgment note signed "Codding, Russell & Co." The judgment of Matthew Jackson was entered against "Codding & Russell," upon a judgment note signed "Codding & Russell." The consideration of each note was money loaned to and used by the partnership. Both partners participated in giving the notes, and the judgments thereon were each entered at the suggestion of both the partners.

Any question growing out of the Butler judgment note having been entered up in the old firm name may be dismissed from the case; for the Jackson judgment alone, under the rule which prevails in this court to allow interest on a judgment down to the time of distribu-

v.9,no.15—54

tion, would absorb the whole fund; and Jackson does not question the lien of Butler's judgment, or his right to be paid out of the proceeds of sale. The question upon which the case turns is whether a judgment against a partnership, for a partnership debt, entered by confession of the firm, and at the suggestion of all the partners, is a lien against the partnership real estate. The register held that it was not, and he awarded the fund to the assignee in bankruptcy. The decision of the register rests exclusively upon the assumption that partnership real estate is personalty, and therefore not the subject of a judgment lien. But the doctrine that partnership real estate is to be treated as personalty is not to be pushed too far. Real estate brought into a firm as stock is not converted absolutely and for all purposes. The conversion manifestly has its limitations. For example: partnership real estate unquestionably is governed by the statute of frauds. Again, to pass the title each partner is required to join in the conveyance. Story, Part. § 94; Parsons, Part. § 377.

I suppose no one would seriously maintain that on an execution against a firm a constable could seize and sell their real estate. It was held in *Foster's Appeal,* 74 Pa. St. 391, that after payment of the firm debts and the advances made by the surviving partner, the remaining share of a deceased partner in partnership real estate passed, not to his personal representatives, but to the widow and heirs. Conversion of partnership real estate is allowed to secure, in the interest of the partners themselves, the payment of the firm debts and advances made by the partners respectively. Id. Therefore, the true doctrine, as I conceive, is that in so far as may be necessary to attain those ends, partnership real estate is to be treated as personalty, but for every other purpose it remains real estate, and is subject to the principles and laws applicable to that species of property. Why, then, is partnership real estate not bound by the lien of a judgment against the partnership for a partnership debt, especially where such judgment is entered by confession of the firm and at the instance of all the partners? From a very early period it has been the settled law of Pennsylvania that a judgment is a lien on every kind of right,— on every sort of beneficial interest,—in real estate, vested in the debtor at the time of the judgment. *Caskhuff* v. *Anderson,* 3 Binn. 9; Troubat & H. §§ 58, 778; Price, Liens, 277.

The general creditors of a firm are preferred in the distribution of firm assets wholly by virtue of the equities of the partners, and not on account of any equities of their own. They themselves have no lien upon the partnership property. What right, therefore, have they,

or an assignee in bankruptcy who represents them, to gainsay the lien of a judgment upon the partnership real estate where that judgment is for a firm debt, and was entered against the partnership by the confession of the firm? The validity of a mortgage given by partners upon partnership real estate was distinctly recognized in *Lancaster Bank* v. *Myley*, 13 Pa. St. 544. But if the partners may encumber their real estate by mortgage, why may they not do so by judgment? Undoubtedly it was the intention of Codding & Russell to give Butler and Jackson judgment liens, and I am at a loss to see upon what principle that intention is to be frustrated by the assignee in bankruptcy, who stands, in this matter, in no better position than the bankrupts themselves.

While, perhaps, the precise question now before me has not been judicially determined, yet in more than one case the validity of such judgment liens, it would seem, has been assumed. *Overholt's Appeal*, 12 Pa. St. 222; *Erwin's Appeal*, 39 Pa. St. 535. And it is said by Mr. Price, in his work on liens, that a judgment for a firm debt would bind the real estate of the firm. Price, Liens, 280, 281.

And now, December 21, 1881, the exceptions to the register's report are sustained; and it is ordered that the fund for distribution be applied first to the payment of the judgment of Lawrence Butler, and the residue to the judgment of Matthew Jackson, and that the assignee pay the fund to said judgment creditors in accordance with this decree.

NOTE. The general rule that in equity partnership real estate is treated as mere personalty and is governed by the general rules applicable to that species of property, is well settled. See *Nicoll* v. *Ogden*, 29 Ill. 323; *Mauck* v. *Mauck*, 54 Ill. 281; *Arnold* v. *Wainwright*, 6 Minn. 358; *Davis* v. *Christian*, 15 Gratt. 11; *Scruggs* v. *Blair*, 44 Miss. 406; *Whitney* v. *Cotton*, 53 Miss. 689; *Hill* v. *Beach*, 12 N. J. Eq. 31; *Ludlow* v. *Cooper*, 4 Ohio St. 1; *Moderwell* v. *Mullison*, 21 Pa. St. 257; *Day* v. *Perkins*, 2 Sandf. Ch. 359; *Andrews* v. *Brown*, 21 Ala. 437; *Black* v. *Black*, 15 Ga. 445; *Galbraith* v. *Gedge*, 16 B. Mon. 631; *Divine* v. *Mitchum*, 4 B. Mon. 488; *Coles* v. *Coles*, 15 Johns. 159; *Pratt* v. *Oliver*, 3 McLean, 27.

This rule, however, grows out of the peculiar nature of the partnership relation, and is adopted for the purpose of doing justice between partners, or between them and others having dealings with them, and for the purpose of properly adjusting the relations between them, or between them and others having dealings with, or relations to, the partnership. It is not an arbitrary rule, by which a court of equity transmutes real estate into personal property, when it is once owned and possessed by a partnership, and causes it to take that character outside of, and independent of, the exigencies of the partnership. *Black* v. *Black*, 15 Ga. 445. Real property, purchased with partner-

ship funds, for partnership purposes, and which remains after paying the debts of the firm and adjusting the equitable claims of the different members of the firm, as between themselves, is accordingly considered and treated as real estate. *Buckley* v. *Buckley*, 11 Barb. 43; *Scruggs* v. *Blair*, 44 Miss. 456. See, however, *Thayer* v. *Lane*, Walk. Ch. 200. And, where not needed for such purposes, it descends to the heir, like other real estate. *Williamson* v. *Fontain*, 7 J. Bax. (Tenn.) 212; *Foster's Appeal*, 74 Pa. St. 391. See, also, *Yeatman* v. *Woods*, 6 Yerg. 20; *Gaines* v. *Catron*, 1 Humph. 514; *Piper* v. *Smith*, 1 Head, 93; *McGrath* v. *Sinclair*, 55 Miss. 89; *Summey* v. *Patton*, 1 Wins. (N. C.) Eq. (No. 2) 52. And, in the settlement of the estate of a deceased partner, any real estate of the partnership, remaining after the fulfilment of all partnership obligations, is to be treated as realty. *Wilcox* v. *Wilcox*, 13 Allen, 252. Real estate owned and used by a firm may, however, be deemed personalty, not only for purposes of the partnership, but for distribution also, when the intention of the partners that it should be so treated appears. In the absence of their agreement, express or implied, to this effect, it should only be so regarded for the purposes of the partnership, and after these are answered, the surplus should be held to be real estate for all other purposes. *Lowe* v. *Lowe*, 13 Bush, 688. See, also, *Scruggs* v. *Blair*, 44 Miss. 406. Compare *Bank of Louisville* v. *Hale*, 8 Bush, 672; *Cornwall* v. *Cornwall*, 6 Bush, 369. Partnership real estate can only be conveyed as real estate by those holding the legal title; and if only one partner executes the deed, whether it be in his own name or in the name of the firm, such deed will not convey more than the interest of the partner executing the conveyance. *Coles* v. *Coles*, 15 Johns. 159; *Jackson* v. *Stanford*, 19 Ga. 14; *Davis* v. *Christian*, 15 Gratt. 11; *Anderson* v. *Tompkins*, 1 Brock. 456; *Willey* v. *Carter*, 4 La. Ann. 56; *Arnold* v. *Stevenson*, 2 Nev. 234; *Donaldson* v. *Bank of Cape Fear*, 1 Dev. Eq. 103; *Goddard* v. *Renner*, 57 Ind. 532.

Partnership real estate must, like other partnership assets, be first applied to the satisfaction of the partnership debts. *Matlock* v. *Matlock*, 5 Ind. 403; *Winslow* v. *Chiffelle*, 1 Harp. Ch. 25; *Hunter* v. *Martin*, 2 Rich. 541; *Overholt's Appeal*, 12 Pa. St. 222; *Marvin* v. *Trumbull*, Wright, 386; *Bryant* v. *Hunter*, 6 Bush, 75; *Cornwall* v. *Cornwall*, Id. 369; *Nat. Bank of Metropolis* v. *Sprague*, 20 N. J. Eq. 13; *Uhler* v. *Semple*, Id. 288. The doctrine, however, that a separate debt of one partner shall not be paid out of the partnership property till all the partnership debts are paid, is said to be applicable only where the principles of equity are invoked to interfere in the distribution of the partnership property among the creditors. *Mittnight* v. *Smith*, 17 N. J. Eq. 259. See, also, *Gillaspy* v. *Peck*, 46 Iowa, 461.

As the ordinary creditors of an individual have no lien on his property, and cannot prevent him from disposing of it as he pleases, so the ordinary creditors of a firm have no lien on the property of the firm, so as to be able to prevent it from parting with that property to whomsoever it chooses. 2 Lindley, Part. (Ewell's Ed.) *654, 655, and cases cited in note. Partners have the power, therefore, while the partnership assets remain under their control, to appropriate any portion of them to pay or secure their individual debts. A mortgage, given by them to secure individual debts, fairly due, is not rendered void by the mere fact that it operates to give individual debts a preference

over demands of the firm; nor will such mortgage be set aside for that reason by a court of equity, unless, perhaps, when created in contemplation of insolvency, to give an improper preference. *Nat. Bank of Metropolis* v. *Sprague,* 20 N. J. Eq. 13. See, also, *Waterman* v. *Hunt,* 2 R. I. 298. If a partnership may thus execute a valid mortgage, to secure the *individual* debt of one partner, much more may it legally encumber its real estate, by mortgage, to secure a *firm* debt, as in *Lancaster Bank* v. *Myley,* 13 Pa. St. 544, cited in the principal case. And, as stated by the learned judge who delivered the opinion in the principal case, if the partners may encumber their real estate by *mortgage,* no reason is seen, there being no unlawful preference created, why they may not resort to *any other lawful method* of creating a lien upon such property. No case has been found upon the precise question involved in the principal case, but, upon principle, its correctness seems beyond question.

*Union College of Law of Chicago, January* 18, 1882.

MARSHALL D. EWELL.