L. C. LONG, ET AL. v. N. B. WATTS, ET AL.

[Abstract Kentucky Law Reporter, Vol. 7—375.]

**Dower Right in Husband's Interest in Partnership Real Estate.**

In the absence of such facts and circumstances as warrants the court in finding that it was intended or agreed by the partners that their real estate should be regarded as personalty for all purposes, it should only be so regarded for the purpose of the partnership, and after these are answered the surplus should be held to be real estate for other purposes; and the wife of one of the partners who died would be entitled to dower in such real estate, if she had not waived such right according to law.

**Intention of Partner's Contracts as to Whether Land is Personalty or Real Estate.**

The intention with which the purchase of real estate was made by partners is the controlling consideration in determining whether it shall be regarded as personalty or real estate.

APPEAL FROM GRAVES CIRCUIT COURT.

November 3, 1885.

OPINION BY JUDGE LEWIS:

In 1866 A. B. Gardner and C. H. McNutt purchased of J. A. McNutt a lot of land in Mayfield upon which, in the language of the deed, J. A. McNutt's wholesale grocery and saloon then stood, together with the improvements, for the consideration of $6000.

From the time of the purchase until April, 1873, they carried on in a room or building upon that lot, as partners under the firm name of McNutt & Gardner, a retail liquor or saloon business, and in an adjoining room or building on the same lot the parties or firm, in connection with another person, carried on the family grocery business under the firm name of McNutt, Cannon & Co.

On the last named date A. B. Gardner, for the consideration of $3,000, sold and conveyed to C. H. McNutt his entire interest of all kinds and description, both real and personal, in the firm of McNutt & Gardner, being the grocery store and saloon building and lot upon which they were situated, together with five other lots and buildings thereon, described in the deed, forty or fifty shares in a tobacco warehouse and inspection company, certain shares in

an agricultural and mechanical association, together with the saloon and stock of wines, liquors, etc., the interest of McNutt and Gardner in the firm of McNutt, Cannon & Co. in buying, prizing and shipping tobacco, notes, accounts of the firm of McNutt & Gardner and McNutt, Cannon & Co., the agency of McNutt & Gardner for the firm of Buckner & Terrill, and in the language of the deed all and every species of property and business of the firm of McNutt & Gardner not therein specifically mentioned; and in the same instrument McNutt assumed the payment of all the liabilities of the firm of McNutt & Gardner and McNutt, Cannon & Co., together with the individual indebtedness of Gardner to each of these firms, and mortgaged all the property conveyed to Gardner to secure the balance of the consideration of $3,000 unpaid.

A. B. Gardner died in 1876, and this action was brought in March, 1881, by his widow and her present husband, Long, to recover from appellees, owners thereof, a dower right in the lot upon which the saloon and family grocery building or buildings are situated.

It appears that the wives of both Gardner and McNutt signed the deed and mortgage made in 1873, though their names are not mentioned in the body of the instrument. But there is a defect of the clerk's certificate of acknowledgment by Mrs. Gardner. There is no controversy about her dower right in the property, if ever subject to such right. But the owners of the lot contend that it was purchased and used as partnership property and for partnership purposes, and therefore was never, previous to 1873, subject to the dower right of the wife of either partner.

The rule of law applicable in such cases, as settled by this court, is that in the absence of an express agreement the court must from all the facts decide "whether the partners intended their real estate to be treated as part and parcel of their capital stock, not only for the purpose of the partnership, but for all purposes. When such agreement or intention is shown from the nature of the partnership business, the character and extent of the real estate involved, and the partners, mode of treating and considering it, it should be held to be personalty not only for partnership purposes, but for purposes of distribution also."

"But in the absence of such facts and circumstances as will warrant the court in finding that it was intended or agreed by the

partners that their real estate should be regarded as personalty for all purposes, it should only be so regarded for the purpose of the partnership, and after these are answered the surplus should be held to be real estate for all other purposes." *Lowe v. Lowe,* 13 Bush (Ky.) 688.

In the case of *Holmes v. Self,* 79 Ky. 297, 2 Ky. L. 322, 2 Ky. L. 380, it was held that the intention·with which the purchases were made by the partners is the controlling consideration in determining whether it shall be regarded as personalty or real estate. But this intention must be ascertained from the facts and circumstances.

The only witness who testifies in the case is C. H. McNutt, who in some way not explained has been divested of the title to the property. But his evidence is so unsatisfactory, indefinite and at the same time somewhat contradictory that it is difficult to form any opinion from what he states as a witness. We think, however, there are facts, independent of the opinion of C. H. McNutt on the subject, which conclusively show that the property, as decided by the lower court, was purchased and used from 1866 by McNutt and Gardner as partnership property.

The deed from J. McNutt does not contain any reference to the stock of goods, liquors, groceries, etc., as forming part of the consideration of $6,000 paid to him by C. H. McNutt and A. B. Gardner. But C. H. McNutt in his deposition says he and Gardner bought of J. A. McNutt the stock of goods which was in the house at the same time it was bought. Besides, it is evident from the price, $3,000, paid by C. H. McNutt to A. B. Gardner for his half interest in all the property and effects mentioned in the deed of 1873, including the lot in controversy, that they did not in 1866 agree to pay $6,000 to J. A. McNutt for the lot alone, and the goods must have been purchased at the same time and formed part of the consideration.

C. H. McNutt testifies that he and Gardner each paid of their individual means $1,000 for the property purchased of J. A. McNutt, and that the balance of the $6,000 was paid by the firm. The lot seems to be a small piece of land, and the buildings on it were adapted for the business carried on during the seven years they were used by the firm of McNutt & Gardner. As it is alleged in the answer to the petition and not denied that they were partners in business in Mayfield under the style of McNutt & Gardner prior

to the purchase of the lot in 1866, and so continued after the purchase, the conclusion is almost irresistible that they purchased the lot for partnership purposes, especially in view of the partnership purposes to which they applied it for seven years.

This is not a question between the widow and heirs or representatives of a deceased partner, but the contest is between her and the vendees of her deceased husband of partnership real state sold by him while debts of the firm still remained unpaid, and the agreement of the other partner to pay, which formed part of the consideration for the property sold by him.

In our opinion the lower court properly held the lot in question as partnership property when the interest therein of A. B. Gardner was sold in 1873, and consequently his widow has no dower right in it. Wherefore the judgment dismissing the opinion is *affirmed*.

*Edward W. Hines, John A. Mayes, for appellants.*

*Robertson & Robbins, for appellees.*