No. 19.—BAKER, WILCOX & Co. plaintiffs in error, *vs.* WILLIAM WIMPEE and others, defendants in error.

[1.] In cases of partnership, the equity of separate creditors, will never be enforced to take away or control a right acquired by legal execution, on the part of joint creditors, against the separate estate. And it is only when the *legal* recourse of the joint creditor against the separate estate is terminated, and he has no claim against these assets, except in Equity, as in cases of death, bankruptcy of a partner, &c. that the joint creditors are postponed.

Rule, in Cass Superior Court. Decision by Judge TRIPPE, June Term, 1855.

This was a motion to distribute money in the hands of the Sheriff, arising from the sale of the individual property of William Wimpee. There were *fi. fas.* against Wimpee, individually, and also *fi. fas. vs.* Wimpee & Price, of an older date. The Court passed the following order:

"The parties in interest in this rule having agreed that the balance in the hands of the Sheriff be distributed among the *fi. fas.* in the same way and manner as though a bill had been filed to settle their conflicting claims: *Ordered,* that the money be applied to the *fi. fas.* against Wimpee, individually, and that the *fi. fas.* against Wimpee & Price be postponed."

This decision is assigned as error.

PRINTUP, for plaintiff in error.

T. W. ALEXANDER, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

[1.] The case of *Cleghorn vs. The Insurance Bank of Columbus,* (9 *Ga.* 319,) is decisive of the point made in the case before us. The whole subject is there fully discussed by my learned colleague, Judge LUMPKIN, and I need not do more than refer to it, for the reasons which influence us in reversing the judgment of the Court below, in this case.

It is in that case shown, that whatever may have been held as to the power of a Court of Equity to restrain a joint creditor from proceeding against the separate estate of a partner, the equity in favor of separate creditors will never be enforced to control or take away a right acquired by legal execution on the part of joint creditors against the separate estate. And that it is only when the legal recourse of the joint creditors against the separate estate is terminated, and they have no claim against these assets except in Equity, as in cases of

bankruptcy, death, &c. of a partner, that the joint creditors are postponed.   It is added, that "this is agreed to be the law, even in those Courts which recognize the rule," that the joint creditors are to be postponed to the separate creditors in such a case.

In the case now before us, the plaintiffs in error are enforcing their lien in a Court of Law, and have not voluntarily come into a Court of Equity for this purpose.   They have been, it is true, (by the agreement, that "the case should be decided as though a bill had been filed to settle the conflicting claims,") as it were brought here by a bill in Equity; but of course they are so drawn into a Court of Equity, with all the legal rights which they had previously acquired; which legal rights were sufficient for their purpose.   Their legal recourse had not terminated when they were thus drawn into Equity; and therefore, as we have just seen, they should not be postponed to the separate creditors of Wimpee.

Judgment reversed.