SWITZER v. SMITH AND McGOWAN.

Assignment: OF CONTRACT. A contract may be assigned by parol as well as in writing, and the assignee becomes thereby substituted to the rights and liabilities of the assignor.

Partnership: FIRM AND INDIVIDUAL CREDITORS. The preference which the law gives the creditors of a partnership to be first satisfied out of the firm property, will be protected in proceedings of garnishment by firm and individual creditors.

*Appeal from Appanoose District Court.*

WEDNESDAY, OCTOBER 30.

ACTION OF ATTACHMENT. The intervenor, Jos. McGowan, claims the attached property. Judgment for plaintiff. The intervenor appeals.

The facts are stated in the opinion.

*Tannehill & Fee* for the appellant.

*E. C. Haynes* and *Harris & Vermillion* for the appellee.

DAY, J. — On the 23d day of December, 1870, Switzer commenced an action, against H. K. Smith, upon a promissory note for $800, dated August 10, 1870, due three

months after date, and caused Snell, Aiken & Co. to be garnished as the debtor of said Smith.

Snell, Aiken & Co. answered, admitting an indebtedness to Smith in the sum of $366.60.

On the 19th day of January, 1871, Joseph McGowan commenced an action against H. K. Smith & Co., being H. K. Smith, Aaron Booth and Jacob Firman, for the sum of $125.50, and caused Snell, Aiken & Co. to be garnished therein, who answered that they were indebted to H. K. Smith in the sum of $366.60, subject to the previous garnishments in favor of Lafayette Switzer and S. H. Deal.

On the 7th day of March, 1871, Joseph McGowan filed his petition of intervention in the first suit, claiming the property attached therein upon the ground that it belonged, not to Smith, but to Smith & Co., *his* debtor. The cause was tried by the court, and the material facts were found substantially as follows :

In 1870, Snell, Aiken & Co. were contractors on the Chicago and South-Western Railway. H. K. Smith had a written contract with Snell, Aiken & Co., dated on the 8th day of September, 1870, for the doing of certain grading on said railway. After Smith made said contract with Snell, Aiken & Co., he formed a partnership with Aaron Booth and Jacob Firman, and the firm, so constituted, was afterward known by the name of H. K. Smith & Co. As such firm, they became indebted to the intervenor McGowan. H. K. Smith & Co. did the work on the said railroad which H. K. Smith had under his written contract with Snell, Aiken & Co. agreed to do, and the amount admitted by Snell, Aiken & Co. to be due Smith, is for the work thus performed.

Snell, Aiken & Co. paid to the sheriff of Appanoose county the amount admitted by them to be due.

The case is one of a contest between a creditor of Smith,

and a creditor of H. K. Smith & Co., each claiming the money in the sheriff's hands.

The court below found in favor of the plaintiff, the creditor of H. K. Smith.

The garnishees answer that they are indebted to H. K. Smith. But this is not conclusive upon the intervenor. He is at liberty to controvert this answer and to show the real facts. The fact that the written contract of Snell, Aiken & Co. was originally with Smith alone, is not a controlling one. This contract is the subject of assignment. 1 Parsons on Cont., chap. 14. And if it had been assigned, and the assignee had performed the work, he could surely recover therefor. And an assignment may be made in parol as well as in writing. *Conyngham* v. *Smith*, 16 Iowa, 471.

The legal effect of Smith's forming a partnership with Booth & Firman, under the style of Smith & Co., for the doing of the work specified in the contract, and of said firm afterward doing said work, is to work a parol assignment of the contract to Smith & Co. Subject to any right of set-off which Snell, Aiken & Co. may have had against Smith, Smith & Co. might have recovered of Snell, Aiken & Co., as the real parties in interest.

If Smith had sued alone, Smith & Co. might have intervened and claimed compensation as the real creditor. The question is, as between Smith and Smith & Co., which is entitled to this money? And it seems to us, that the money, having been earned *by* the partnership, belongs *to* the partnership, rather than to one of the individual members of which the partnership is composed.

And if the money in question belongs to the partnership, the creditor of such partnership is entitled to it in preference to the creditor of one of its members. *Pierce* v. *Wilson et al.*, 2 Iowa, 20 ; *Hubbard* v. *Curtis*, 8 id. 1 ; *Richards, Crumbaugh & Shaw* v. *Haines et al.*, 30 id. 574. The intervenor's petition alleges that the firm of Smith &

Co. is insolvent, and this is not denied. The court erred in holding the creditor of Smith entitled to the property in question.

Reversed.