WHITWORTH *v.* BENBOW ET AL.

PARTNERSHIP.—*Division of Property Among Partners.—Assignment for Benefit of Creditors.—Priority.—Rescission.—Fraud.—Pleading.*—On the dissolution of a copartnership, the members thereof, in the honest belief that the choses in action due to the firm would realize sufficient money to pay all of its debts, amicably divided the partnership goods amongst themselves. It having subsequently transpired that such firm, at its dissolution, was insolvent, and one of such partners having personally become insolvent and having made an assignment of all his property, for the benefit of his creditors, to an assignee who had converted the same into money, another of such partners brought an action against such insolvent and his assignee, alleging, in addition to the foregoing facts, that he had been induced to agree to such division of property by the representations of such insolvent, that the partnership credits were sufficient to satisfy its debts, and asking that the money so realized from such insolvent's portion of such partnership goods be applied to the payment of the partnership creditors, of whom the plaintiff was one.

*Held,* on demurrer, that, by such division of goods, the title to the portion obtained by such insolvent vested in him, and, by such assignment, in his assignee.

*Held,* also, that such division could be rescinded only for fraud.

*Held,* also, that the complaint is insufficient.

From the Henry Circuit Court.

*M. E. Forkner, E. H. Bundy* and *T. B. Redding,* for appellant.

*Brown & Brown* and *R. L. Polk,* for appellees.

BIDDLE, J.—The complaint in this case, by William B. Whitworth, against Benjamin Benbow, John McCorkle and Robert L. Polk, alleges, in substance, the following facts: That the plaintiff, Benbow, and McCorkle formed a partnership, by the name of McCorkle & Co., to carry on a mercantile business at Sulphur Springs, in Henry county, Indiana; that plaintiff and Benbow furnished the capital, and McCorkle managed the business, and the profits and losses were to be divided between said partners, McCorkle taking one-half thereof, and the plaintiff the other half thereof. That, during the continuance of this partnership, Whitworth loaned the firm one

thousand dollars, and took the note of the firm, dated January 11th, 1870, for the amount. On the 19th day of October, 1870, Whitworth loaned the firm the further sum of eight hundred dollars, and took the note of the firm therefor; and that both notes remain unpaid. That, at the time of the dissolution of the partnership, the firm was insolvent; that its assets were not equal to its capital and liabilities by three thousand dollars; but that said facts were not known to the plaintiff. That the business of said firm had been under the sole management of said McCorkle, who had not kept any account of the indebtedness of the firm, and the other partners had no means of knowing the condition thereof, but were assured by him that there were ample notes and accounts due said firm, to pay all its liabilities, which the said Whitworth and Benbow, relying upon his said statements, fully believed; that, at the time of the dissolution, there remained in goods and merchandise the sum of two thousand two hundred and twenty-three dollars and seventy cents, which said firm divided between said Whitworth and Benbow equally, and assigned to said Benbow one thousand one hundred and sixteen dollars and eighty-three cents thereof. That said McCorkle was and is wholly insolvent, and is now a non-resident of the State; and as an inducement to the division of property and the transfer of said amount to Benbow, McCorkle and Benbow represented to plaintiff that the solvent debts owing to said firm were amply sufficient to pay all its liabilities, and leave a surplus, and they mutually, by all of said parties, believed it to be so; but that said representations were false, and said firm wholly insolvent; that, not knowing the said insolvent condition of said firm and relying upon said representations, and all of said partners mutually believing that the assets of said firm were more than sufficient to pay all its liabilities, the plaintiff consented to said transfer of said goods to Benbow. That afterwards said Benbow made an as-

signment of all his property, including said goods, to Robert L. Polk, for the benefit of his creditors in general; that said assignment was duly recorded, and said Polk, as such assignee, proceeded to sell, and did sell, the goods so transferred to Benbow by McCorkle & Co.; that, prior to said sale by Polk, Benbow had sold part of said goods, to the amount of three hundred dollars, and paid the proceeds thereof to Polk under the assignment, which amount of three hundred dollars is still in the hands and under the control of Polk as such assignee, and that he is about to apply the same to the payment of Benbow's debts in general. That, since the dissolution of the firm, the plaintiff has paid off debts of said firm to the amount of three thousand dollars, over and above his share of the debts; and that there are debts yet outstanding against said firm to the amount of five thousand dollars, which he (being the only solvent member of the firm) is liable to pay for said firm; and that the remaining assets of said firm do not amount to more than one thousand five hundred dollars. That Benbow owes the plaintiff one-half of the two notes above described and one-half of the amount of the debts so paid by the plaintiff on behalf of said firm, and should contribute to the payment of the debts still outstanding against the firm, to which the proceeds arising out of the goods so taken from the firm by Benbow should be applied. Prayer, that the debts owing by said firm be declared preferred claims, payable out of the proceeds in the hands of Polk as assignee, arising out of the goods so transferred to Benbow by the firm, and that he be restrained from applying said proceeds to any other purpose, until said debts owing by said McCorkle & Co. are paid, and for other general relief, etc.

There is a second paragraph of complaint, essentially the same as the first.

It is not shown that McCorkle was served with process, and he did not appear to the action. Benbow demurred

to the complaint, but we do not notice his demurrer, nor the rulings upon it, as no question arising thereon is presented in this court. Polk demurred to each paragraph of the complaint, alleging, as ground, that it did not contain facts sufficient to constitute a cause of action, and for other alleged grounds, which need not be noticed. These demurrers were sustained, and exceptions reserved, and the rulings thereon assigned as errors in this court; and these present the only questions before us for our consideration.

We can find no ground upon which this complaint can be upheld. There was no fraud practised upon the plaintiff. The three partners believed that the outstanding debts due to the firm were sufficient to discharge the liabilities against it, and, under this belief, amicably divided the goods on hand between the plaintiff and Benbow, equally. Afterwards, Benbow assigned the portion of the goods he thus obtained for the benefit of his creditors generally. The assignee proceeded to reduce the goods to money, to apply according to the assignment, and, after they are so reduced to money—no specific dates are given in the complaint—the plaintiff seeks to rescind the agreement as to the goods taken by Benbow, and divert the proceeds to the payment of the debts of McCorkle & Co., as preferred claims. It is too late. Other rights have intervened, in good faith, which result from the agreement of the plaintiff, made with his partners, by which one-half of the goods became the property of Benbow. This property has been assigned. Others have acquired rights in the property. The parties can not be restored to their original position. The agreement can not be rescinded. There is no remedy under the complaint.

The judgment is affirmed, with costs.