GILLASPY V. PECK ET AL.

1. **Partnership:** DEBTS OF PARTNERS. It is only in equity that the separate creditors of a partner are entitled to a preference over the creditors of the partnership, in the distribution of the separate effects of their debtor.

2. ———: ———: JUDGMENT. The lien of a subsequent judgment for an individual debt does not take priority over the lien of a judgment first rendered against the debtor upon a partnership debt.

*Appeal from the Wapello District Court*

WEDNESDAY, SEPTEMBER 19.

ACTION to recover possession of lot 241 in the city of Ottumwa. The action was brought by George Gillaspy, husband of the plaintiff, Eleanor Gillaspy. Afterwards, Geo. Gillaspy having died, the present plaintiffs were substituted. The lot in question was formerly owned by one D. B. Abrahams. The plaintiffs claim title through an execution sale made upon a judgment against him upon a debt due from the firm of Geo. Gillaspy & Co., of which firm Abrahams was a member. Mrs. Sue Abrahams, wife of D. B. Abrahams, claims title to the lot through an execution sale made upon a judgment against him upon an individual debt to her from him. Both judgments became liens in Wapello county in which are the premises in question, the judgment against Abrahams for partnership indebtedness by the filing of a transcript and that against him for individual indebtedness by rendition. The transcript of the former judgment was filed before the latter judgment was rendered. Mrs. Abrahams, however, who claims under the latter judgment, levied under her judgment first and she insists that it has priority over the former because of her prior levy, and because her judgment was rendered upon individual indebtedness and the former upon partnership indebtedness. The action was brought against A. J. Peck as tenant of the property. Mrs. Abrahams intervened. Judgment for plaintiffs. Mrs. Abrahams appeals.

*H. B. Hendershott and D. H. Emery*, for appellants.

*Stiles & Burton*, for appellees.

ADAMS, J.—In the distribution of the assets of insolvent partners the partnership creditors have a preference in respect to the partnership property and the separate creditors in respect to the separate or private property of the individual partner. 3 Kent's Com., 64. This is the rule applied in equity, and the correctness of it is not questioned by the plaintiffs in this case. They insist, however, that it is applied only in equity in marshalling assets, and such, we think, is the correct view. In Story's Eq. Jurisprudence, Sec. 675, the author says: "The creditors of the partnership have the preference to have their debts paid out of the partnership funds before the private creditors of either of the partners. But this preference is at law generally disregarded; in equity it is worked out through the equity of the partners over the whole funds. On the other hand the separate creditors of each partner are entitled to be first paid out of the separate effects of their debtor before the partnership creditors can claim anything, which also can be accomplished only by the aid of a court of equity, for at law a joint creditor may proceed directly against the separate estate." In support of this doctrine are cited: *Dutton v. Morrison*, 17 Ves., 205; *Tucker v. Oxley*, 5 Cranch., 34; *Morris v. Morris*, 4 Gratt., 293; *Grosvenor v. Austin*, 6 Ohio, 103; *Murrill v. Neill*, 8 How., 414. See, also, *Payne v. Matthews*, 6 Paige, 19.

By statute the lien of the judgment under which the plaintiffs claim title must have attached at the time the transcript was filed. The lien of the judgment under which the intervenor claims title attached subsequently. Did it become paramount by reason of the nature of the indebtedness upon which the judgment was rendered? We think not. A judgment lien is a creation of the statute. It has the force and effect given it by statute. The rule of course is that the lien which first attaches has priority. We know of no statute providing an exception.

1. PARTNER-SHIP: debts of partners.

2. ——: ——: judgment.

In *Meech v. Allen*, 17 N. Y., 300, a question arose similar in principle to the one in the case at bar. The court said: "The principle that the separate property of an individual partner is to be first applied to the payment of his separate debts has never been held to give priority as to such property to a subsequent judgment for an individual over a prior judgment for a partnership debt." In *Averill v. Loucks*, 6 Barb., 470, it was said that "courts of equity in the administration of assets follow the rules of law in regard to legal assets and recognize and enforce *all antecedent liens*, claims and charges existing upon the property according to their priority." A different doctrine seems to be held in *Holton v. Holton*, 40 N. H., 77, but the rule as above stated is, we think, abundantly sustained both upon reason and authority.

It is insisted by the appellees that the evidence shows that the judgment under which the intervenor claims title was fraudulent and void. The view which we have taken of the case renders it unnecessary to consider this question.

AFFIRMED.