DOWNING v. GIBSON.

1. **Promissory Note**: ASSIGNMENT AFTER DUE: COUNTER CLAIM. Under section 2546 of the Code, the defendant in an action by the assignee of a negotiable promissory note, transferred after due, may set up as a counter claim or cause of action a note held by him against the assignor, which was acquired by him before notice of the transfer of his note by such assignor.

*Appeal from Polk Circuit Court.*

SATURDAY, APRIL 24:

ACTION upon a promissory note, of which the following is a copy:

"$800.          THAYER, IOWA, August 8, 1872.

One year after date, for value received, I promise to pay the bearer eight hundred dollars, at Thayer, with ten per cent interest annually after date.          V. H. GIBSON."

The defendant averred in substance that the note was executed and delivered by him to O. B. Gibson, and that plaintiff received the same from said Gibson long after it became due; that defendant owned a note against said O. B. Gibson, as follows:

"$863.          THAYER, IOWA, April 9, 1872.

One year after date, for value received, I promise to pay to S. Gibson or order the sum of eight hundred and sixty-three dollars with interest at ten per cent per annum from date.

(Signed)          O: B. GIBSON.

Indorsed: Pay V. H. Gibson.     S. GIBSON."

That long before the note in suit was transferred to plaintiff both plaintiff and O. B. Gibson well knew that defendant was the owner of the above note against O. B. Gibson; that O. B. Gibson is now, and was when plaintiff received the note in suit, bankrupt and insolvent. There was a reply denying

that defendant owned the note set out in the answer, and denying that defendant owned said note when plaintiff became the owner of the note in suit, and denying that plaintiff and O. B. Gibson knew defendant owned the note set out in the answer at the time plaintiff became the owner of the note sued on. There was a trial by the court without a jury, and a judgment was rendered for the plaintiff for the full amount of the note set forth in the petition. Defendant appeals.

*Wright, Gatch & Wright* and *Hull & Whitaker*, for appellant.

*Phillips, Goode & Phillips* and *Hindman & Hall*, for appellee.

ROTHROCK, J.—The evidence shows beyond controversy that the plaintiff purchased the note in suit of O. B. Gibson

i. PROMIS-
SORY note:
assignment
after due:
counter claim.

after it became due. It also conclusively appears that the defendant purchased the note set up in the answer before he had any notice of the transfer of the note in suit to the plaintiff. The question to be determined is this: In an action by the assignee of a negotiable note, transferred after due, may the defendant set up as a counter claim or cause of action a note executed by the assignor of the note sued upon by plaintiff, which was assigned to defendant before notice of the transfer of his note to plaintiff? The question involves a construction of § 2546 of the Code, which is as follows: "In case of the assignment of a thing in action, the action by the assignee shall be without prejudice to any counter claim, defense or cause of action, whether matured or not, if matured when plead, existing in favor of the defendant and against the assignor before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due."

It seems to us that the purpose and intent of this section is to include all things or choses in action, except negotiable

instruments transferred in good faith and upon valuable consideration before due, and that it applies to the assignment or transfer of dishonored negotiable notes to the same extent as to any other chose in action, such as accounts, non-negotiable paper, and the like. That such was the understanding of the Code Commissioners appears from the following note, explanatory of the section under consideration: "Parties may have claims against each other, but not connected, with or growing out of the same transaction. One may assign and become insolvent; in an action by the assignee the other party cannot bring in his claim as a defense. The substitute provides a remedy, and will do much to prevent the transfer of any but negotiable paper before due. None other should be protected."

Section 2760 of the Revision provided that: "In case of an assignment of a thing in action, the action by the assignee shall be without prejudice to any set-off or other defense existing before notice of the assignment; but this section shall not apply to negotiable instruments transferred in good faith and upon valuable consideration before due."

It was held under this section in *Richards v. Daily*, 34 Iowa, 427, that in an action by the indorsee of a promissory note received after maturity the maker cannot plead a set-off existing in his favor against the payee and growing out of a transaction not connected with the note, and that the holder in such case takes the note discharged of all independent matters, and subject to such equities only as inhere in, or are connected with, the note itself.

Without entering into a discussion of the soundness of the reasoning of that opinion or the correctness of its conclusion, it is sufficient to say that § 2546 of the Code is widely different from § 2760 of the Revision of 1860. By the latter a set-off or other defense was allowed; by the former the defendant is permitted to set up "any counter claim, defense or cause of action, whether matured or not, if matured when plead, existing in favor of the defendant and against the

assignor, before notice of the assignment." The claim set up by the defendant never was a set-off held by him against the assignor of the plaintiff, nor a defense thereto. The plaintiffs' assignor at the time the defendant became the owner of the note set up by him as a cause of action had transferred the note in the petition described to the plaintiff. The defendant, therefore, never in any sense held a set-off against the plaintiff's assignor, but he held a cause of action against him, and acquired it before notice of the transfer of the note to the plaintiff, and his cause of action is within the very terms of § 2546 of the Code.

We think no importance should be attached to the use of the word "assignment" instead of "indorsement" in the statute under consideration. An assignment of a thing in action may be by parol or in writing. *Switzer v. Smith & McGowan*, 35 Iowa, 269; *Conyngham v. Smith*, 16 Id., 471. That a promissory note is a thing in action need not be discussed. The rule requiring a party who purchases dishonored commercial paper to make inquiry of the maker is a wholesome one, and in no sense impairs the value of negotiable instruments in the hands of an innocent holder who acquires them for value and before maturity. We think under the evidence in this case the cause of action set up by the defendant should have been set off against the note upon which the action is founded.

REVERSED.