L. Fullam & Co. v. Abrahams & Epstine, et al.

1. Partnership; *Garnishment; Prior Right.* Where a partnership and all the members thereof are insolvent, and a firm creditor garnishes the debtor of one of the members of the firm, which debtor holds a fund belonging to such member, and subsequently a creditor of such member garnishes the same debtor, but neither creditor obtains the possession of such fund, *held,* that as between the creditor of the firm and the creditor of such member, the creditor of the firm has the prior right to such fund.

2. Rule—*Exceptions; Partnership Creditors; Prior Lien.* The rule is well settled, where other things are equal, that the property of a partnership firm must be first applied to the payment of the partnership debts, and the property of an individual member of the firm must be first applied to the payment of the debts of such individual member; but this rule is often held not to apply as against the partnership creditors, where the partnership, or both the partnership and all the members thereof are insolvent; and the rule never applies as against the partnership creditors, where they have obtained a prior lien upon the property of one of the individual members; and where the partnership creditors have obtained a garnishment lien, as indicated in the first number of this syllabus, such lien is the prior lien.

*Error from Lyon District Court.*

ACTION brought by *L. Fullam & Co.* against *Abrahams & Epstine* — a firm composed of A. E. Abrahams and E. Epstine — to recover upon a promissory note for $315 and interest. Epstine was individually indebted to Peyton, Sanders & Peyton, who interpleaded in the action. Heritage, who had in his hands moneys belonging to Epstine, was garnished by the plaintiffs, and subsequently by the interpleaders. December 11, 1882, the district court overruled plaintiffs' demurrer to the interplea; and thereupon they filed their reply thereto, alleging that "the firm of Abrahams & Epstine is wholly and totally insolvent, as are also both members of said firm." A general demurrer to this reply was sustained; and thereupon the court ordered and adjudged that—

"The garnishee, L. T. Heritage, who has heretofore answered that he had in his hands of the money belonging to defendant E. Epstine, the sum of one hundred and one and $\frac{39}{100}$ dollars, pay the same forthwith into court, and that said sum be distributed as follows: To the interpleaders Peyton, Sanders & Peyton, the sum of forty-six $\frac{55}{100}$ dollars, with interest thereon at seven per cent. from February 23, 1882, and the remainder of said sum to the plaintiffs herein; to which order of distribution the plaintiffs at the time excepted."

*Fullam & Co.* bring the case to this court.

*Cunningham & McCarty*, for plaintiffs in error.

*Peyton, Sanders & Peyton*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: The only question involved in this case is as follows: As between a creditor of an insolvent partnership firm, (the individual members, as well as the firm, being insolvent,) and a creditor of a member thereof, who has the prior right to a fund belonging to such member and in the hands of his debtor — the creditor of the firm, who has first garnished the debtor, or the creditor of the member, who has subsequently garnished the debtor, where neither creditor has

yet obtained the possession of the fund? This question must be answered in favor of the partnership creditor. But before we proceed further, we think it will be proper to state some preliminary matters. In this state, "all contracts which by the common law are joint only, shall be construed to be joint and several;" and "in all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are liable." (Comp. Laws 1879, p. 209, §§ 1, 4.) And "judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants." (Civil Code, § 396; see also *Alvey v. Wilson,* 9 Kas. 405; *Williams v. Muthersbaugh,* post, p. 730.) And the garnishment lien attaches when the garnishee is served with notice of garnishment. (Civil Code, § 206.) As between creditors of a partnership firm and creditors of the individual members thereof, we suppose that the rule is well settled, where other things are equal, that the property of the partnership must first be applied to the payment of partnership debts, and that the property of the individual members must first be applied to the payment of the debts of such individual members. (*Switzer v. Smith,* 35 Iowa, 269; *Rodgers v. Meranda,* 7 Ohio St. 179; *Glass Co. v. Ludlum,* 8 Kas. 41, 50; *Northern Bank of Kentucky v. Keizer,* 5 Am. Law Reg. 75; *Davis v. Howell,* 33 N. J. Eq. 72; *Toombs v. Hill,* 28 Ga. 371; *Kuhne v. Law* and *Sniffer v. Sass,* 14 Rich. [S. C. L.] 20; *M'Culloh v. Dashiell,* 1 Har. & G. [Md.] 96; *McCormick's Appeal,* 55 Pa. St. 252; 5 Wait's Actions and Defenses, 148, 149.) But this rule is often held not to apply as against the partnership creditors, where the partnership, or both the partnership and all the members thereof, are insolvent; and the rule never applies as against the partnership creditors where they have obtained a prior lien upon the property of one of the individual members. (*Allen v. Wells,* 39 Mass. 450; *Stevens v. Perry,* 113 Mass. 380; *Gillaspy v. Peck,* 46 Iowa, 461; *Cumming's Appeal,* 25 Pa. St. 268; *Meech v. Allen,* 17 N. Y. 300; *Cleghorn v. Ins. Bank,* 9 Ga. 319; *Baker v. Wimpee,* 19 Ga. 87; *Dun-*

*ham v. Hannah,* 18 Ind. 270; *Wisham v. Lippincott,* 9 N. J. Eq. 353; *Howell v. Teel,* 29 N. J. Eq. 490; *Emanuel v. Bird,* 19 Ala. 596; *Barnwell v. Perry,* 19 Vt. 292; 5 Wait's Actions and Defenses, 148, and cases there cited.)

Some of the foregoing authorities refer to attachment liens, some of them to judgment liens, and others to execution liens. In the present case, and under the laws of this state, the partnership creditor had a right to sue the partnership or any one or more of its members, and had a right to obtain an attachment in the case against any one or more of its members. (*Williams v. Muthersbaugh,* post, p. 730.)   And he had a right to levy such attachment not only upon the partnership property, but also upon the individual property of any member of the partnership against whom the attachment was issued, exhausting of course the partnership property first, before levying upon the individual property. (See authorities above cited, and *Hershfield v. Claflin,* 25 Kas. 166.)   And when the attachment was issued and served by giving proper notice, including the notice to the garnishee, the firm creditor obtained a lien upon the fund of the member then in the hands of the garnishee; and this lien cannot be destroyed by any subsequent action, or subsequent attachment, or subsequent garnishment proceedings, by any creditor of such individual member of the partnership.

While there may possibly seem to be some slight infirmity in the reasoning that brings about this result, yet we think the reasoning is sound, and that it is sustained by an almost unbroken current of authority.   If it be said that the case of *Switzer v. Smith,* supra, is against this view, then we refer to the case of *Gillaspy v. Peck,* 46 Iowa, and the other cases above cited, as sustaining it.   The fact is, that while the rule first above mentioned is the general rule in equity, yet the rule is never carried to the extent of overturning the law or of destroying equities; and it is never carried to the extent of abrogating liens legally obtained.   As to the rule where the firm and all its members are insolvent, see *Brock v. Bateman,* 25 Ohio St. 609.   In that case the firm creditors were al-

lowed to share equally with the creditors of each partner in the distribution of the individual assets of each partner, and this notwithstanding the fact that the firm creditors were allowed to receive all the firm property. It was there held that there was a strong equity in favor of the firm creditors; that they not only trusted the firm, but that they trusted each and all the partners thereof to the full amount of their claims, and *trusted each partner* to the same extent that the individual creditor did who became a creditor of only one partner.

In the light of this case, it would seem where the firm and all the partners thereof are insolvent, that no individual creditor of a partner has any higher equities to the separate property of such partner than any firm creditor has; although such a rule might result in the firm creditor receiving the full amount of his claim, and the individual creditor only a very small part of his. Whether this court would go to the extent of the Ohio supreme court, it is not necessary now to determine. Upon authority, and upon reason, too, we think, the firm creditor in the present case has, by reason of his garnishment lien, obtained a right to the fund in the hands of the garnishee prior to that of the private creditor. The judgment of the court below will therefore be reversed, and the cause remanded for further proceedings in accordance with this opinion.

All the Justices concurring.