Filed Feb. 14, 1884.

———————◆———————

No. 9399.

LOUDEN v. BALL ET AL.

SHERIFF.—*Execution.—Judgments.—Priority.*—Where a sheriff holds three executions issued on judgments which are liens against the lands of A., the oldest judgment being against A., the second against A. and others, who were partners, but there is in the writ and judgment nothing to disclose that fact, and the third against A. alone, and upon sale of the lands he applies the proceeds, after satisfying the first judgment, upon the second, he is not liable at the suit of the third judgment creditor, nor is the plaintiff in the second judgment liable for receiving the money.

PARTNERSHIP.—*Judgments.—Lien.—Priority.*—A judgment upon lands held by an individual obtained against a partnership of which he is a member, before an individual debt was contracted, which afterwards becomes a lien by judgment, will not be displaced by equity so as to give priority to the latter judgment.

SAME.—*Individual Creditor.—Laches.—Preference.*—Where an individual creditor of a partner has a right to be paid out of the individual assets of his debtor in preference to the creditor of a partnership of which his debtor is a member, he must assert the right before sale on execution, and before any change of position has occurred which would result in injustice.

DEMAND.—One who innocently receives money belonging to another, in the belief that it is his own, is not liable to an action until after demand.

From the Fayette Circuit Court.

*T. M. Little, J. J. Little* and *J. H. Louden,* for appellant.

*C. Roehl,* for appellees.

ELLIOTT, J.—The allegations of the first paragraph of the appellant's complaint may be thus summarized: Ball is the sheriff of Fayette county, who received and executed the writs hereinafter referred to, and James N. Huston is the administrator of the estate of William Huston, deceased. John S. Reid was the owner of real estate on which he executed a mortgage to the decedent on the 22d day of July, 1872. On the 3d day of April, 1873, one William J. Hawkins recovered a judgment against Reid on an individual claim for $459.83, on which appellant became replevin bail, and which judgment he was compelled to pay. Prior to the 13th day of December, 1872, Reid was a member of a firm composed of himself, Jeptha Stelle, Robert Marks, George L. Fearis, Charles Mount and James Huston. On that day William Huston, surviving partner of J. & W. Huston, recovered judgment against Reid, Stelle, Marks, Fearis, Mount and the executors of James Huston, " on a partnership liability," for $557.84. A decree of foreclosure and judgment were entered on the mortgage, and executions were issued on all three of the judgments, and placed in the hands of the sheriff; the property was sold on the judgment rendered in the foreclosure suit, and for $680.47 more than the amount of the judgment; the sheriff applied this surplus on the judgment in favor of Huston.

It is clear that this paragraph of the complaint does not state a cause of action against the sheriff. The averment in the complaint is that the judgment was rendered on a partnership liability, but it is not averred that the judgment or execution disclosed the character of the action; nor, indeed, is it even averred that the pleadings showed the judgment to

have been rendered against Reid and his co-defendants as partners. For aught that appears, the judgment was taken against the defendants as for an individual debt, for there is no averment to the contrary. A sheriff is not bound, as a general rule, to look behind his writ, but if we should hold this case to be not within the general rule, it would do the appellant no good, because it does not appear that the pleadings or judgment would have shown the character in which the defendants in that action were sued. The presumption is that the sheriff did his duty, and this presumption prevails until overcome by opposing facts, and there are no opposing facts here; and as the sheriff paid the surplus on the next oldest execution in his hands he must be presumed to have paid it without knowledge of facts entitling the appellant to the money.

The allegation that the sheriff received the receipt of the execution plaintiff instead of the money adds nothing to the force of the complaint. It is useless to go through the empty form of handing the money to the sheriff, to be by him passed back to the judgment creditor. *Dean* v. *Phillips,* 17 Ind.406.

A sheriff is liable only to one to whom he owes a specific duty. *State, ex· rel.,* v. *Harris,* 89 Ind. 363; *Compton* v. *Pruitt,* 88 Ind. 171. In this case the sheriff owed no specific duty to the appellant, because it does not appear that the execution under which he claims was entitled to be preferred to that of the appellee Huston. If it were true that the sheriff had wrongfully misstated the facts in his return as to the manner in· which the $680.47 was paid, still the appellant would have no right of action, because the sheriff owed him no duty as to that sum, but owed it to the holder of the execution above it in order of priority. Unless the appellant was entitled to have the money applied on his execution, he suffered no injury.

What we have said disposes of the case as to the appellee Ball, and we now proceed to consider the questions affecting the appellee Huston. The demurrers of this appellee to both

paragraphs of the. complaint were sustained, and the rulings on the demurrers are assigned for error.

The first paragraph of the complaint does not aver that the firm of which Reid was a member was solvent, nor that any of its members had property out of which the judgment in favor of appellee's intestate could have .been made, nor does it state when the debt accrued on which the Hawkins judgment was rendered. If the partnership creditors of the firm, of which Reid was a member, had acquired a lien on the land prior to the creation of the debt on which the individual creditor obtained judgment, that lien could not be displaced without showing that there was partnership property out of which the judgment could be made. Where a partnership creditor secures a lien on land by virtue of a judgment taken before the individual debt was created, he certainly can not be deprived of his lien, unless it be shown that there was partnership property sufficient to pay the judgment. It results from this that the first paragraph must be held to be insufficient.

The second paragraph of the complaint avers that the only property owned by Reid was that covered by the mortgage, and that other members of the partnership from which the debt was due, upon which the appellee's intestate obtained his judgment, had abundant property out of which the judgment could have been made; but it does not state when the debt on which the judgment upon which appellant rests his claim was contracted. As the judgment of appellee's intestate was taken December 13th,.1872, and that on which appellant's claim rests was taken April 3d, 1873, the natural inference would be against the appellant, in view of the general rule that what is not averred can not be presumed to exist.

It is not doubted that the general rule is that partnership creditors are postponed as to individual property, and individual creditors preferred. *Bake* v. *Smiley*, 84 Ind. 212; *Bond* v. *Nave*, 62 Ind. 505; *Smith* v. *Evans*, 37 Ind. 526; *Weyer* v. *Thornburgh*, 15 Ind. 124; *Holland* v. *Fuller*, 13 Ind. 195; *Matlock* v. *Matlock*, 5 Ind. 403. But this general rule does

not apply where a lien has been obtained by judgment rendered prior to the creation of the individual debt. That we are correct in this conclusion will appear from an examination of the equity doctrine which gives individual creditors preference as to individual property, and partnership creditors preference where the property belongs to the partnership. Judge Story says: " In the like manner, courts of equity recognize and enforce all antecedent liens, claims, and charges *in rem*, existing upon the property according to their priorities; whether these charges are of a legal or of an equitable nature, and whether the assets are legal or equitable." 1 Story. Eq. Jur., section 553.

In *Meech* v. *Allen*, 17 N. Y. 300, it is expressly decided that equity will not displace a judgment lien, the court saying : " Those courts " (courts of equity) " have never assumed to exercise the power of setting aside or in any way interfering with an absolute right of priority obtained at law." Chancellor WALWORTH said, in *Wilder* v. *Keeler*, 3 Paige, 167, that " Equitable rules also are adopted by this court in the administration of legal assets, except so far as the law has given an absolute preference to one class of creditors over another." The same learned judge said, in *Mower* v. *Kip*, 6 Paige, 88, that " The rule of this court is to give effect to the lien of a judgment upon a legal title, so far as it could be enforced by execution at law." To a like effect is the case of *Averill* v. *Loucks*, 6 Barb. 470, where it was said : " Courts of equity, in the administration of assets, follow the rules of law in regard to legal assets, and recognize and enforce all antecedent liens, claims, and charges existing upon the property, according to their priorities." An able discussion of the subject will be found in *Straus* v. *Kerngood*, 21 Grat. 584, where the doctrine of the preceding cases is fully affirmed. It is said, in Freeman on Judgments, section 395, that, " In general, courts of equity will not interpose to take away any advantage which a creditor has obtained by his diligence in securing a judgment lien

on the debtor's estate. Thus, when a judgment lien has become a charge on the individual real estate of a partner for a firm debt, equity will not displace it in favor of a junior judgment against the same partner for his personal debt." The cases which we refer to below will be found to sustain this general doctrine: *Cummings' Appeal*, 25 Pa. St. 268; *Bowker* v. *Smith*, 48 N. H. 111; S. C., 2 Am. R. 189; *McCulloh* v. *Dashiell*, 18 Am. Dec. 271, *vide* note, p. 283; *Allen* v. *Wells*, 22 Pick. 450; *Cleghorn* v. *Ins. Bank*, 9 Ga. 319; *Baker* v. *Wimpee*, 19 Ga. 87; *Wisham* v. *Lippincott*, 1 Stockt. 353.

The case of *Hardy* v. *Mitchell*, 67 Ind. 485, does not, when fairly understood, decide the question here involved. There all the creditors were compelled to go into equity to set aside fraudulent conveyances, and the property thus became equitable assets, to be administered under strictly equitable rules; while here there is a plain legal lien directly enforceable by the ordinary legal process. We are of the opinion that the second paragraph of the complaint can not be sustained upon the equitable doctrine which prefers individual to partnership creditors where there is a contest as to the right to seize individual property in payment of the debt.

The appellee Huston was not guilty of a wrong in accepting the money on the judgment which was older in point of time than that of the appellant, for, as we have seen, there was nothing on the face of the judgment giving it priority, and nothing which required appellee to take notice that it constituted a prior lien. The fact that it was rendered on a firm liability did not give it priority over a judgment earlier in date, and taken, as we must presume, before the debt on which appellant's judgment is founded was incurred. As the appellant was guilty of no wrong in accepting the money on the judgment in favor of his intestate, something should have been done to put him in the wrong; a demand should have been made. If, therefore, it were conceded that the appellee had only a *prima facie* right to the money, still he

Louden *v.* Ball *et al.*

would not be in the wrong until after he had refused, on demand, to pay the money to one having a better right. If there were no other objection to the complaint than the failure to aver a demand, it would be clearly bad.

We are not unmindful of the equity rule that where one of two parties has a lien on one parcel of property, and the other has a lien on the same parcel and also on another, the latter will be compelled, upon proper application, to make his lien out of the second parcel, but we see very clearly that the rule can not apply. One reason why it can not apply is that the right must be asserted promptly and before sale, and here there has been unexplained negligence. Another reason is that the right must be exercised before there has been a change of position, and here there has been an essential change. *Whitworth* v. *Benbow*, 56 Ind. 194. It is fairly inferable from the facts pleaded that the appellee would not have bid more than the amount of the decree if it had not been that the surplus was to be applied on the judgment in favor of his intestate. Nor does it appear that the administrator has not applied the property to the payment of debts, or made distribution of it to the heirs of the decedent. Appellant is here asking equity, for the only right he has is an equitable one, and he must show that equity to him will not result in doing injustice to one who has acted solely in the capacity of a trustee, and has done no more than a faithful discharge of his duties as administrator required of him. If the appellant had asserted his rights before sale, he would have occupied a very different position from the one he now occupies.

Judgment affirmed.

Filed Feb. 19, 1884.