**INDIANA LAWRENCE BANK, Appellant (Defendant below),**

v.

**PSB CREDIT SERVICES, INC., Appellee (Plaintiff below),**

and

**James W. Zimmerman, and Salin Bank & Trust Company, Appellees (Defendants below),**

**Indiana Lawrence Bank, Appellant (Plaintiff below),**

v.

**United States of America, Appellee (Defendant below).**

No. 25A03–9801–CV–00024.

Supreme Court of Indiana.

March 7, 2000.

Robert L. Nicholson, Sarah A. Hiestand, Beckman Lawson, LLP, Fort Wayne, Indiana, Attorneys for Appellant.

James T. Hodson, Cheryl M. Knodle, Ball, Eggleston, Bumbleburg, McBride, Walkey & Stapleton, PC, Lafayette, Indiana, Attorneys for Appellee.

SULLIVAN, Justice, dissenting from denial of petition to transfer.

In this case, the Court of Appeals affirmed an order of the trial court to marshal assets, and the majority of this Court has voted to deny transfer. I dissent from the denial of transfer because I conclude that the marshaling request was untimely.

Indiana Lawrence Bank ("Bank") had a first lien and a third lien on an office building ("Office") owned by James and Merilee Zimmerman ("Debtors"). Sandwiched between these liens was a second lien in favor of PSB Credit Services ("PSB"). The Bank also had a first lien and a second lien on a duplex ("Duplex") owned by the Debtors. These liens are summarized as follows (amounts are approximate):

| | Date | Amount |
|---|---|---|
| Bank's lien on Office and Duplex | 1988 | $ 70,000 |
| PSB's lien on Office only | 1991 | $178,000 |
| Bank's lien on Office and Duplex | 1993 | $ 77,000 |

After the Debtors defaulted, PSB brought an action to foreclose its lien on the Office ("Office Foreclosure Case") naming the Bank as a party. The Bank then filed a separate action to foreclose only its 1993 lien on the Duplex ("Duplex Foreclosure Case"). The Bank bought the Duplex at the eventual sheriff's sale for about $66,000, which it applied to the 1993 lien, leaving its 1988 lien wholly unsatisfied. PSB then filed a motion in the Office Foreclosure Case to marshal the Debtors' assets, which the trial court granted in part, ordering that the proceeds of the sale of the Duplex be prorated between Bank's 1988 and 1993 liens on the Duplex in proportion to the amounts of the liens on the date of sale. If, as it appears, the proceeds from selling the Office will be insufficient to pay all the liens against it, the Bank will probably realize about $32,000 less on its liens than it would in the absence of the marshaling order. A more complete description of the liens and events leading up to this appeal is provided by the Court of Appeals. *See Indiana Lawrence Bank v. PSB Credit Servs., Inc.*, 706 N.E.2d 570, 571–72 (Ind. Ct.App.1999).

Marshaling of assets is an equitable remedy that may be appropriate when a senior creditor has access to two funds or properties of the same debtor for payment of its claims and a junior creditor has access to only one of those funds or properties. Marshaling requires the senior "double-funded" creditor to exhaust the source that the junior "single-funded" creditor cannot access ("singly-charged property") before resorting to the source that both can access ("doubly-charged property"). *See Bank of Commerce v. First Nat'l Bank,* 150 Ind. 588, 590–91, 50 N.E. 566, 567 (1898); 53 Am.Jur.2d *Marshaling Assets and Inverse Order of Alienation* §§ 1, 10 (1996) (hereinafter *Marshaling Assets* ).

The Bank raises several challenges to the ordered marshaling in this case, including that the marshaling order improperly modified the final judgment in the Duplex Foreclosure Case, that the Office and the Duplex were not in the hands of a common debtor when PSB sought marshaling because the Bank had already bought the Duplex in the Duplex Foreclosure Case, and that marshaling is improper because it will harm the Bank. While the Bank might be entitled to prevail on some or all of these arguments, it is not necessary to reach these points to resolve this case because PSB's request for marshaling was untimely.

The doctrine of marshaling may be enforced by (1) enjoining the double-funded creditor from proceeding against the doubly-charged property until it exhausts the singly-charged property, or (2) subrogating the single-funded creditor to the double-funded creditor's lien against the singly-charged property. *See Bank of Commerce,* 150 Ind. at 591, 50 N.E. at 567; 53 Am.Jur.2d *Marshaling Assets* §§ 29–32. In this case, the trial court

did not enjoin the Bank from proceeding against the Office until it exhausted the Duplex as a source of payment, nor did it subrogate PSB to the Bank's interests in the Duplex. Indeed, by the time PSB requested marshaling, the trial court could do neither because the Bank's foreclosure on the Duplex was complete. The trial court instead ordered reallocation between the Bank's 1988 and 1993 liens of the proceeds from the already completed Duplex foreclosure C relief that is not a recognized method of effectuating marshaling.

The doctrine of marshaling does not give the single-funded creditor a lien on or a vested interest in the singly-charged property, and the right to invoke marshaling may be lost by failure to invoke the doctrine in a timely manner. *See* 53 Am. Jur.2d *Marshaling Assets* § 9; *cf. Louden v. Ball*, 93 Ind. 232, 238 (1884) (The right to marshaling must be asserted "promptly and before sale" of the doubly-charged property.). Although equity involves some flexibility, it is not an unbridled free-for-all. Predictability and finality are important, especially in a commercial context. There are limits on the equitable relief a court may fashion, and at some point requests for such relief become untimely. In this case, PSB's request for marshaling simply came too late, and the trial court exceeded its equitable powers in reallocating the proceeds of the already completed Duplex foreclosure. I would therefore grant transfer and reverse the trial court's marshaling order.

SHEPARD, C.J., concurs.